**GIBSON et al. v. AMERICAN UNITED LIFE INS. CO.**

No. 2329.

Court of Civil Appeals of Texas. Waco.

July 18, 1940.

L. W. Shepperd and C. Willard Brown, both of Groesbeck, for appellants.

Witt, Terrell, Lincoln, Jones & Riley, of Waco, for appellee.

ALEXANDER, Justice.

The American United Life Insurance Company filed a plea of interpleader in the district court of Limestone county, in which it alleged that it had issued a life insurance policy on the life of one D. H. Gibson in the sum of $1,000, payable to the insured's wife; that the beneficiary named in the policy died prior to the death of the insured; and that plaintiff was ready and willing to pay the amount of the policy to the rightful owner thereof, but that there were several rival claimants to said fund and plaintiff could not safely pay the same to any of them. The plaintiff joined all of said rival claimants as defendants, paid what it conceived to be the amount due under the policy into the registry of the court, and prayed for an injunction restraining the defendants from maintaining any other suit against the insurance company to recover the amount due under the policy. The court granted a temporary injunction as prayed. Some of the claimants have appealed.

The appellants do not challenge the right of the insurance company to maintain the suit, nor do they question the right of the court to grant a temporary injunction restraining the bringing of suits in other courts to recover the funds due under the policy, but they do claim that the injunction is so broad as to deny them their rights to appear and file an answer in this suit, setting up their claims to the funds due under the policy. The material part of the injunction provides that the defendants "are hereby enjoined and restrained from instituting or prosecuting any suit or other proceedings against the plaintiff in this or any other court on account of the money herein involved, or on account of the contract of insurance aforesaid, until the further order of this court. * * * and that the defendants and each of them be notified and required to file herein their respective answers or other defenses on or before the 4th day of November, 1940. * * *"

We have very carefully considered the terms of the injunction and have reached the conclusion that there is substantial doubt as to its meaning. It is very probable that the court merely intended to enjoin the defendants from harassing the plaintiff by the bringing of other suits and intended to preserve to them the full right to appear and set up in this suit their claims to the funds due under the policy

**694**

in question. However, the injunction issued by the clerk, when literally construed, actually enjoins the defendants from "prosecuting any suit or other proceeding against the plaintiff in this or any other court on account of the money herein involved. * * *" If this order should be literally construed as written, it would prohibit the defendants from asserting in this suit their claims to the funds due under the policy. This, of course, would not be authorized under the facts of this case, for certainly the defendants ought to have a right to present in this suit their claim to such funds. We are of the opinion that there is sufficient doubt as to the meaning of the terms of the injunction as to justify the action of the defendants in seeking a review of the judgment by appeal rather than running the risk of violating its terms and thereby subjecting themselves to contempt proceedings by appearing in the suit and laying claim to the funds due under the policy. The judgment of the lower court will be reformed so as to merely enjoin the defendants from bringing any other suit to recover the funds due under said policy, but allowing the defendants the full right to appear in this suit in the lower court and assert their claims to the funds which they may claim to be due them under the terms of the policy in question.

As so reformed, the judgment of the trial court will be affirmed.